UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WHIRLPOOL CORPORATION, § § Plaintiff, § § v. § § NEW LIFE APPLIANCES LTD. § § Defendant. § § | Civil Action No. 2:16-cv-584 |

### COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW Plaintiff Whirlpool Corporation ("Whirlpool"), and for its Complaint for Patent Infringement of United States Patent No. 7,000,894 against New Life Appliances Ltd., states as follows:

### PARTIES

1.  Plaintiff Whirlpool is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 2000 North M-63, Benton Harbor, Michigan.

2.  Defendant New Life Appliances Ltd. ("New Life") is a corporation organized and existing under the laws of the province of British Columbia, Canada. It has a principal place of business at 655 Mathers Avenue, West Vancouver, BC, V7S 1H5.

### JURISDICTION & VENUE

3.  This action arises under the patent laws of the United States, Title 35 United States Code. The jurisdiction of this Court is proper under Title 35 U.S.C. § 271, *et seq*. and Title 28 U.S.C. §§ 1331, 1332, and 1338.

1

4. New Life is a seller of water filters for refrigerators.

5. New Life has offered for sale and sold throughout the United States Whirlpool-compatible replacement water filters that infringe United States Patent No. 7,000,894, such as water filters bearing Model No. SGF-W84, which is a Whirlpool "Filter 3" design. New Life has offered for sale and sold such infringing products through on-line retail outlets such as eBay.com

6. New Life has offered for sale and sold Whirlpool-compatible refrigerator water filters that infringe U.S. Patent No. 7,000,894, such as Model No. SGF-W84, to residents and citizens of Texas who reside within this district.

7. The Court has personal jurisdiction over New Life because it has advertised in Texas, including the Eastern District of Texas, the sale of infringing filters via the internet, and has offered for sale and sold the infringing products to customers in the state of Texas, including the Eastern District of Texas, thereby harming Whirlpool by offering to sell and/or selling infringing products in this district.

8. Venue is proper in this district pursuant to Title 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because New Life has committed acts of infringement in this judicial district.

## COUNT I
### Infringement of U.S. Patent No. 7,000,894

9. Whirlpool restates and incorporates by reference paragraphs 1 through 9 as if fully stated herein.

10. On February 21, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,000,894 ("the '894 patent") entitled "Fluidic Cartridges and End Pieces Thereof." On March 3, 2014, the USPTO issued an ex parte reexamination certificate for the '894 patent. Appended as Exhibit A is a true and correct copy of the '894 patent, inclusive of the ex parte reexamination certificate.

11.     Whirlpool is the owner by assignment of the entire right, title and interest in and to the '894 patent, including the right to sue and recover past, present, and future damages for infringement.

12.     Whirlpool manufactures products that practice the '894 patent, including "Filter 3" refrigerator water filters, and marks such products with the '894 patent.

13.     The validity and enforceability of the '894 patent has been recognized and acknowledged in Consent Judgments entered by this Court in the patent infringement cases captioned *Whirlpool Corporation v. Brauchla TV, Inc. d/b/a Brauchla TV & Appliance*, Civil Action No. 2:15-cv-2068 (Document 5); *Whirlpool Corporation v. National Trade Supply, LLC*, Civil Action No. 2:15-cv-1701-JRG (Document 5); *Whirlpool Corporation v. Zipras, Inc.*, Civil Action No. 2:15-cv-1636-JRG (Document 7); *Whirlpool Corporation v. Air 1 Supply, Inc.*, Civil Action No. 2:15-cv-1640-JRG (Document 6), *Whirlpool Corporation v. Global Parts Supply, LLC d/b/a Pandora's OEM Appliance Parts*, Civil Action No. 2:15-cv-1563-JRG (Document 7), and *Whirlpool Corporation v. JJ Wholesale Group Inc. d/b/a Bob's Filters and Joseph Spira*, Civil Action No. 2:15-cv-1565-JRG (Document 11); *Whirlpool Corporation v. Spectacular Products and William Long*, Civil Action No. 2:15-cv-86 consolidated with 2:15-cv-2103 (Document 20); *Whirlpool Corporation v. Dilmen, LLC d/b/a Coral Premium Water Filters and Huseyin Dilmen*, Civil Action No. 2:15-cv-1722 consolidated with 2:15-cv-2103 (Document 17) and *Whirlpool Corporation v. Dilmen, LLC d/b/a Coral Premium Water Filters and Huseyin Dilmen*, Civil Action No. 2:15-cv-2056 consolidated with 2:15-cv-2103 (Document 18).

14.     New Life has been infringing the '894 patent by importing, offering for sale and/or selling water filters covered by at least claims 1 and 4 of the '894 patent.

15. Whirlpool has obtained water filters identified as Model No. SGF-W84 from New Life (hereinafter the "Infringing Filter"). Photographs that are fair and accurate representations of the Infringing Filter are appended as Exhibit B. The Infringing Filter infringes at least claims 1 and 4 of the '894 patent pursuant to Title 35, U.S.C. § 271(a), *et seq.*

16. New Life's offers for sale and sales of the Infringing Filter were without permission, authority, or license from Whirlpool. Further acts of infringement, unless enjoined by this Court, will continue to damage Whirlpool and cause irreparable harm to Whirlpool.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Whirlpool respectfully requests the following relief:

a. That the Court enter a judgment that New Life has infringed the '894 patent;

b. That the Court enter a judgment that the '894 patent is not invalid;

c. That the Court enter a judgment that the '894 patent is enforceable;

d. That the Court enter a permanent injunction preventing New Life and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from engaging in infringing activities with respect to the '894 patent;

e. That the Court award damages for the infringement to which Whirlpool is entitled;

f. That the Court award interest on the damages; and

g. For any and all such other relief as this Court may deem appropriate.

Dated:  June 2, 2016	Respectfully submitted,

By:  */s/ Melissa R. Smith*
Melissa R. Smith  (*TX State Bar No. 24001351*)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email:  Melissa@gillamsmithlaw.com

OF COUNSEL:

Jeffrey D. Harty  (IA AT0003357)
(admitted in Eastern District of Texas)
David T. Bower (IA AT0009246)
NYEMASTER GOODE, P.C.
700 Walnut Street, Ste. 1600
Des Moines, IA 50309-3899
Telephone: (515) 283-8038
Facsimile:  (515) 283-3108
Email:    jharty@nyemaster.com
Email:    dbower@nyemaster.com

*Attorneys for Plaintiff*
**WHIRLPOOL CORPORATION**